HARRY C. AND GERALDINE L. KEELER, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 8792–76.    Filed April 17, 1978.

*Douglas R. Austin,* for the petitioners.
*Peter M. Ritteman,* for the respondent.

### OPINION

DAWSON, *Judge:* Respondent determined a deficiency in the amount of $3,250.61 in petitioners' Federal income tax for the year 1973. The only issue for decision is whether petitioners' election to utilize the income averaging provisions of sections 1301 through 1305, Internal Revenue Code of 1954,[1] in computing their Federal income tax for the year 1973, precluded their use, in the same taxable year, of the special averaging provisions of section 72(n)(4) relating to the income tax treatment of the

---

[1] All Code references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year at issue.

ordinary income elements of lump-sum pension fund distributions paid to "common-law" employees.[2]

· All of the facts were stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and the exhibits attached thereto are incorporated herein by reference and are found accordingly.

Harry C. Keeler and Geraldine L. Keeler (petitioners) were husband and wife during the taxable years 1970 through 1976. At all times pertinent to this proceeding they resided in Port Huron, Mich. Petitioners, cash basis taxpayers, filed their joint Federal income tax return for the year 1973 with the Central Service Center, Cincinnati, Ohio.

During the calendar year 1973 Harry C. Keeler (hereinafter referred to as petitioner) retired from his position as an executive with the Michigan National Bank (hereinafter referred to as the Bank). As an employee of the Bank, petitioner had been a participant in a qualified pension plan under section 401(a) of the Code which was maintained by the Bank for its employees. Under the terms of the plan the petitioner received a lump-sum distribution in the amount of $230,974 during the year 1973.

Pursuant to section 402(a)(2) of the Code, $219,632 of the lump-sum distribution received by petitioner in 1973 qualified for treatment as long-term capital gain and was so reported by petitioners on their 1973 Federal income tax return. The remaining $11,342 of the lump-sum pension distribution did not qualify for capital gain treatment under section 402(a)(5).

Petitioners elected to use the 5-year income averaging provisions of sections 1301 through 1305 to compute their income tax liability for the year 1973. Prior to making such computation, petitioners removed that element of the lump-sum pension distribution which did not qualify for capital gain treatment (i.e., $11,342) from the taxable income for the year 1973 taken into account for the income averaging computation. Petitioners then applied the special 7-year averaging provisions of section 72(n)(4) of the Code, pertaining to the ordinary income elements of pension fund distributions paid to "common-law" employees, to compute the tax due on the $11,342 non-capital gain element

---

[2] In this context a "common-law" employee refers to an employee without regard to sec. 401(c)(1) of the Code which includes self-employed individuals within the statutory definition of "employees."

of the lump-sum pension distribution received by petitioner from the Bank.

On their 1973 joint Federal income tax return the petitioners reported income tax in the amount of $41,500, reflecting the sum of the amounts obtained from the income averaging computation (i.e., $39,778) and the special averaging computation for "common-law" employees (i.e., $1,722). Respondent determined that petitioners were not entitled to utilize the special averaging provision of section 72(n)(4) because of their election to income average under sections 1301 through 1305 for the taxable year 1973. Respondent recomputed petitioners' 1973 Federal income tax by adding back to their reported taxable income the amount of $11,342 and by making the income averaging computation with respect to the total amount of taxable income (i.e., $122,199) obtained thereby.

By electing the benefits of the income averaging provisions for the taxable year 1973, the petitioners thereby rendered certain other provisions of the Code, including section 72(n)(2), inapplicable to them for such taxable year.[3] Section 72(n)(2) limits the taxation of certain lump-sum pension fund distributions paid to employees generally by providing a 5-year averaging period for reporting such distributions. The express language of section 72(n)(2) makes it applicable in any case to which section 72(n) applies.[4]

---

[3] SEC. 1304. SPECIAL RULES.

(a) TAXPAYER MUST CHOOSE BENEFITS.—This part shall apply to the taxable year only if the taxpayer chooses to have the benefits of this part for such taxable year. Such choice may be made or changed at any time before the expiration of the period prescribed for making a claim for credit or refund of the tax imposed by this chapter for the taxable year.

(b) CERTAIN PROVISIONS INAPPLICABLE.—If the taxpayer chooses the benefits of this part for the taxable year, the following provisions shall not apply to him for such year:

\* \* \* \* \* \* \*

(2) section 72(n)(2) (relating to limitation of tax in case of total distribution),

[4] SEC. 72. ANNUITIES; CERTAIN PROCEEDS OF ENDOWMENT AND LIFE INSURANCE CONTRACTS.

(n) TREATMENT OF TOTAL DISTRIBUTIONS.—

\* \* \* \* \* \* \*

(2) LIMITATION OF TAX.—In any case to which this subsection applies, the tax attributable to the amounts to which this subsection applies for the taxable year in which such amounts are received shall not exceed whichever of the following is the greater:

(A) 5 times the increase in tax which would result from the inclusion in gross income of the recipient of 20 percent of so much of the amount so received as is includible in gross income, or

(B) 5 times the increase in tax which would result if the taxable income of the recipient for such taxable year equaled 20 percent of the amount of the taxable income of the recipient for such taxable year determined under paragraph (3)(A).

In the case of lump-sum pension fund distributions paid to "common-law" employees, section 72(n)(4)[5] provides a "special rule" which modifies from 5 years to 7 years the *term* of the averaging period contained in section 72(n)(2). However, such provision does not affect the underlying applicability of section 72(n)(2) to such distributions to "common-law" employees. The language of section 72(n)(4), which states that "paragraph (2) shall be applied with the following modifications," supports this interpretation. Thus, in order for a distributed amount to qualify for the special 7-year averaging term under section 72(n)(4) for a given taxable year, it must first be within the scope of items eligible for the preferential tax treatment of section 72(n)(2) in such year.

Petitioners contend that the averaging provision of section 72(n)(4) is available to them in 1973, notwithstanding their election to income average in that year pursuant to section 1304(a). In support of their position the petitioners emphasize that section 1304(b), by its terms, only renders section 72(n)(2) inapplicable to them, and that, accordingly, their use of section 72(n)(4) is not precluded. In addition, they rely not only on the subsequent congressional repeal of section 72(n) and the deletion of section 1304(b)(2) in the Employee Retirement Income Security Act of 1974,[6] (hereinafter referred to as ERISA), but also on the language of the regulations under section 1304 in effect during the taxable year 1973, which relates section 72(n)(2) to certain distributions made only with respect to self-employed individuals.

Although section 1304(b)(2) refers explicitly only to the inapplicability of section 72(n)(2) in the same taxable year when

---

[5]SEC. 72(n)(4) SPECIAL RULE FOR EMPLOYEES WITHOUT REGARD TO SECTION 401(c)(1).—In the case of amounts to which this subsection applies which are distributed or paid with respect to an individual who is an employee without regard to section 401(c)(1), paragraph (2) shall be applied with the following modifications:

    (A) "7 times" shall be substituted for "5 times", and "14²/₇ percent" shall be substituted for "20 percent".

    (B) Any amount which is received during the taxable year by the employee as compensation (other than as deferred compensation within the meaning of section 404) for personal services performed for the employer in respect of whom the amounts distributed or paid are received shall not be taken into account.

    (C) No portion of the total distributions or amounts payable (of which the amounts distributed or paid are a part) to which section 402(a)(2) or 403(a)(2)(A) applies shall be taken into account.

Subparagraph (B) shall not apply if the employee has not attained the age of 59½ years, unless he has died or become disabled (within the meaning of subsection (m)(7)).

[6]Pub. L. 93–406, 88 Stat. 829.

income averaging is elected, the remaining paragraphs of section 72(n) are implicitly rendered inapplicable in such cases by the statutory language of section 72(n)(2). Since section 72(n)(2) applies in all cases to which section 72(n) applies, any further references to other paragraphs of section 72(n), such as section 72(n)(4), in section 1304(b) would be redundant. Thus, the statutory language of section 72(n) precludes the "double election" of averaging provisions which petitioner seeks.

The taxable year at issue predates the advent of ERISA, which deleted sections 72(n) and 1304(b)(2) from the Code.[7] In enacting ERISA, Congress has chosen to permit, for taxable years after 1973, the double election of averaging provisions which petitioners are attempting to obtain in this case.[8] Nevertheless, the current state of the law notwithstanding, the conference committee report on ERISA specifically addressed the issue that, prior to the enactment of ERISA, such double election of averaging provisions by "common-law" employees was not permitted. In a footnote to the statement that dual elections are permitted under ERISA for the same taxable year, the conference report states in pertinent part that:

H. Rept. 93–807, p. 150, which indicates that a common-law employee who uses the special averaging provided under present law may nevertheless also use the regular five-year income averaging for his other income and capital gain, is incorrect. * * * [Conf. Rept. 1280, 93d Cong., 2d Sess. (1974), 1974–3 C.B. 415, 512 n. 3.]

Accordingly, based on the legislative history of ERISA, we must reject the petitioners' attempt to apply present standards under that act to their pre-ERISA year.

Petitioners' final argument in support of their position is that the language of section 1.1304–2(a)(2), Income Tax Regs., in effect during 1973, refers to section 72(n)(2) only in the context of self-employed individuals.[9] However, the section of the regulations to which petitioners make reference was adopted initially prior to the enactment of the Tax Reform Act of 1969,[10] which changed substantially the income tax treatment of distributions such as are involved in this case. Moreover, the Tax

---

[7]Pub. L. 93–406, 88 Stat. 991.
[8]Conf. Rept. 1280, 93d Cong., 2d Sess. (1974), 1974–3 C.B. 415, 512.
[9](2) Section 72(n)(2) (relating to limitation of tax in case of certain distributions with respect to contributions by self-employed individuals).
[10]Pub. L. 91–172, 83 Stat. 487.

Reform Act of 1969 also changed the language and scope of sections 72(n) and 1304(b)(2) of the Code to encompass "total distributions" with respect to both "common-law" and statutory employees, and not merely "certain distributions with respect to contributions by self-employed individuals."[11] Thus, although the language of the regulations under section 1304 does differ from that contained in the Code, such variance does not cause us to alter our conclusion with respect to the underlying legal issue presented.

Based on the language of sections 72(n) and 1304(b)(2), and the legislative history contained in the conference report on ERISA, we hold that, for the taxable year 1973, petitioners were not entitled to elect the special averaging provisions of section 72(n)(4) after they had elected to income average pursuant to sections 1301 through 1305 in the same taxable year.

*Decision will be entered for the respondent.*